UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY CALDWELL,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | Case No. 2:24-cv-2194-WBS-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Respondent moves to dismiss the petition, arguing that it contains unexhausted claims. ECF No. 10. Petitioner filed a response, ECF No. 12, and respondent filed a reply, ECF No. 13. I recommend that the petition be dismissed without prejudice.

**Background**

In December 2021, petitioner was sentenced to a twenty-five-years-to-life term of imprisonment following a jury trial at which he was convicted of second-degree murder and aggravated assault on a child resulting in a death. ECF No. 11-1; ECF No. 11-2 at 1. Petitioner directly appealed his sentence and conviction. ECF No. 11-2. There, petitioner argued that: (1) the trial court erred by instructing the jury that Count 2 was a general intent crime; (2) that

1

1  California Penal Code § 273ab was an impermissible strict liability statute; and (3) he was
2  entitled to resentencing under Assembly Bill 518. *Id.* at 5-12.  The state appellate court affirmed
3  petitioner's convictions and sentence. *Id.* at 13.  Petitioner then petitioned the California Supreme
4  Court for review, ECF No. 11-3, and the court summarily denied his petition, ECF No. 11-4.  It
5  does not appear that petitioner filed any state post-conviction motions.  *See* ECF No. 13 at 1 n.1.

6  In August 2024, petitioner filed his current habeas petition.  ECF No. 1.  He raises eight
7  claims, arguing that: (1) his trial counsel performed ineffectively; (2) his *Miranda* rights were
8  violated during his interrogation; (3) the judge violated due process by removing a lesser included
9  offense from the jury instructions; (4) his conviction for his Count 2 offense violates due process
10 because it is a strict liability offense; (5) the "death resulting" element in California Penal Code
11 § 273ab required proof of mens rea, which was not proven at trial; (6) Senate Bill 1437 requires
12 his punishment be related to a culpable mental state; (7) his sentence of twenty-five-years-to-life
13 imprisonment violates due process; and (8) the trial judge abused his discretion when choosing
14 petitioner's sentence.  *Id.* at 5-18.

15 Respondent moves to dismiss the petition as unexhausted, contending that Claims 1, 2,
16 and 3 were not presented to the California Supreme Court.  ECF No. 10.  Respondent argues that
17 the petition is mixed, meaning that unless petitioner demonstrates that a stay is appropriate, he
18 must either delete his unexhausted claims and proceed on only the exhausted ones, or the entire
19 petition must be dismissed.  *Id.* at 3.

20 Petitioner argues that his claims are exhausted because he raised each of them with his
21 trial and appellate attorneys.  ECF No. 12.  In reply, respondent contends that the petition must be
22 dismissed because petitioner did not present any argument demonstrating otherwise.  ECF No. 13.

## Analysis

24 A petitioner in state custody proceeding with a petition for a writ of habeas corpus must
25 exhaust state judicial remedies.  *See* 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on
26 comity and gives the state court the initial opportunity to correct its alleged constitutional
27 deprivations.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509,
28 518 (1982).  A petitioner can satisfy the exhaustion requirement by providing the highest state

court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

Here, the state appellate court affirmed petitioner's convictions and sentence on direct appeal, *see* ECF No. 11-2, and the California Supreme Court denied review, *see* ECF No. 11-4. In comparing the arguments petitioner raised in his direct appeal to his current habeas petition, it appears that petitioner did not raise Claims 1, 2, or 3 to a state court before raising them here, while he did raise Claims 4 through 8.

When a habeas petition presents both exhausted and unexhausted claims, as appears to be the case here, the petition is considered "mixed." *See Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017). Generally, "[f]ederal courts must dismiss habeas petitions that contain both exhausted and unexhausted claims." *Rose*, 455 U.S. at 522. However, a petitioner may avoid dismissal through seeking a stay and abeyance of his petition. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014). The purpose of a stay and abeyance is to give a petitioner the opportunity to exhaust his claims in state court before presenting them in federal court. *See Dixon*, 847 F.3d at 718-20. In this circuit, two procedures for staying a petition may be available while a petitioner exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002).

Under *Rhines*, a stay and abeyance is available for mixed petitions where a petitioner can show good cause for his failure to exhaust his claims in state court, that his claims are not plainly meritless, and that he has not engaged in abusive litigation tactics. *See Rhines*, 544 U.S. at 278. Upon this showing, the petition may be stayed while petitioner exhausts his claims at the state level. Once a petitioner has exhausted his claims, he may return to federal court with his fully exhausted petition.

Unlike a *Rhines* stay, a *Kelly* stay does not require a showing of good cause for delay. *See King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009). Under *Kelly*, a case moves through three stages: first, the petitioner amends his petition to delete any unexhausted claims; second, the court, in its discretion, stays the amended, fully-exhausted petition, and holds it in abeyance while

the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and third, once the deleted claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition, adding the newly-exhausted claims. *See Kelly*, 315 F.3d at 1140-41.

In his response to respondent's motion to dismiss, petitioner did not indicate that he wanted to seek a stay and abeyance or proceed on only his exhausted claims. *See generally* ECF No. 12. Instead, he appears to assert that he did exhaust his claims, *see id.*, which a review of the record demonstrates is not accurate. Because the petition contains both exhausted and unexhausted claims, and petitioner has not demonstrated that he wants to seek a stay and abeyance or to proceed on only the exhausted claims, I recommend that the entire petition be dismissed without prejudice.[1]

Accordingly, it is RECOMMENDED that:

1. The petition, ECF No. 1, be DISMISSED without prejudice.

2. Respondent's motion to dismiss, ECF No. 10, be GRANTED.

3. The court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

4. The Clerk of Court be directed to close this case and to enter judgment accordingly.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

---

[1] Petitioner may seek a stay and abeyance of his petition under *Rhines* or *Kelly* in his objections to these findings and recommendations. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014). He may also seek to proceed with his exhausted claims only. If petitioner wishes to proceed under one of these options, he should notify the court in his objections to these findings and recommendations.

4

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 30, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE