1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | ADAM JAY CALDWELL,                        Case No.  2:24-cv-2194-WBS-JDP (P)
12 |         Petitioner,
13 |    v.                                     ORDER; FINDINGS AND
                                               RECOMMENDATIONS
14 | WARDEN,
15 |         Respondent.
16
17

18      Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28

19 U.S.C. § 2254. ECF No. 1.  Respondent moves to dismiss the petition, arguing that it contains

20 unexhausted claims. ECF No. 10.

21      On May 30, 2025, I issued my findings and recommendations, recommending that the

22 petition be dismissed because it contained unexhausted claims. ECF No. 14. I noted that

23 petitioner had failed to request a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269, 277

24 (2005), or *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002), and that dismissal was

25 appropriate as a result. *Id.* at 3-4.  I informed petitioner that he could seek a stay of his petition in

26 his objections, *see id.* at 4 n.1, which petitioner did, *see* ECF No. 15. As a result, I will vacate the

27 prior findings and recommendations, but I will nevertheless grant respondent's motion to dismiss.

28

1

**Background**

1 | 
2 | In December 2021, petitioner was sentenced to a twenty-five-years-to-life term of imprisonment following a jury trial at which he was convicted of second-degree murder and aggravated assault on a child resulting in a death. ECF No. 11-1; ECF No. 11-2 at 1. Petitioner directly appealed his sentence and conviction. ECF No. 11-2. There, he argued that: (1) the trial court erred by instructing the jury that Count 2 was a general intent crime; (2) that California Penal Code § 273ab was an impermissible strict liability statute; and (3) he was entitled to resentencing under Assembly Bill 518. *Id.* at 5-12. The state appellate court affirmed petitioner's convictions and sentence. *Id.* at 13. Petitioner then petitioned the California Supreme Court for review, ECF No. 11-3, and the court summarily denied his petition, ECF No. 11-4. It does not appear that petitioner filed any state post-conviction motions. *See* ECF No. 13 at 1 n.1.

In August 2024, petitioner filed his current habeas petition. ECF No. 1. He raises eight claims, arguing that: (1) his trial counsel performed ineffectively; (2) his *Miranda* rights were violated during his interrogation; (3) the judge violated due process by removing a lesser included offense from the jury instructions; (4) his conviction for his Count 2 offense violates due process because it is a strict liability offense; (5) the "death resulting" element in California Penal Code § 273ab required proof of mens rea, which was not proven at trial; (6) Senate Bill 1437 requires his punishment be related to a culpable mental state; (7) his sentence of twenty-five-years-to-life imprisonment violates due process; and (8) the trial judge abused his discretion when choosing petitioner's sentence. *Id.* at 5-18.

Respondent moves to dismiss the petition as unexhausted, contending that Claims 1, 2, and 3 were not presented to the California Supreme Court. ECF No. 10. Respondent argues that the petition is mixed, meaning that unless petitioner demonstrates that a stay is appropriate, he must either delete his unexhausted claims and proceed on only the exhausted ones, or the entire petition must be dismissed. *Id.* at 3.

Petitioner argues that his claims are exhausted because he raised each of them with his trial and appellate attorneys. ECF No. 12. In reply, respondent contends that the petition must be dismissed because petitioner did not present any argument demonstrating otherwise. ECF No. 13.

2

1    In my findings and recommendations, I recommended that respondents' motion to dismiss
2 be granted because petitioner failed to present any arguments demonstrating that he exhausted his
3 claims; I noted that he had failed to move for a stay and abeyance. ECF No. 14. I explained to
4 petitioner that it was not too late for him to raise the issue of staying the case, however. I
5 informed him that that he could request a stay and abeyance in his objections to my findings
6 under two theories: *Id.* at 3-4. First, petitioner could request a stay and abeyance under *Rhines*,
7 which would require him to show good cause for his failure to exhaust his claims in state court,
8 that his claims are not plainly meritless, and that he has not engaged in abusive litigation tactics.
9 *Id.* at 3 (citing *Rhines*, 544 U.S. at 278). Second, petitioner could request a stay and abeyance
10 under *Kelly*, which would not require a showing of good cause for delay. *Id.* (citing *King v. Ryan*,
11 564 F.3d 1133, 1140 (9th Cir. 2009)).
12   Petitioner objected to the findings and recommendations. ECF No. 15. In his objections,
13 he requests a stay and abeyance under *Rhines*, explaining that he "ignorantly thought [his] claims
14 were exhausted" because he had raised the issues with his appellate attorneys, and that his mental
15 health contributed to his failure to exhaust his claims. *Id.* at 1.

**Analysis**

17   A petitioner in state custody who is proceeding with a petition for a writ of habeas corpus
18 must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is
19 based on comity and gives the state court the initial opportunity to correct its alleged
20 constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*,
21 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the
22 highest state court with a full and fair opportunity to consider each claim before presenting it to
23 the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513
24 U.S. 364, 365 (1995).
25   Here, the state appellate court affirmed petitioner's convictions and sentence on direct
26 appeal, *see* ECF No. 11-2, and the California Supreme Court denied review, *see* ECF No. 11-4.
27 In comparing the arguments petitioner raised in his direct appeal to his current habeas petition, it
28

1  appears that petitioner did not raise Claims 1, 2, or 3 to a state court before raising them here; he
2  did raise Claims 4 through 8.

3  When a habeas petition presents both exhausted and unexhausted claims, as appears to be
4  the case here, the petition is considered "mixed." *See Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir.
5  2017). Generally, "[f]ederal courts must dismiss habeas petitions that contain both exhausted and
6  unexhausted claims." *Rose*, 455 U.S. at 522. However, a petitioner may avoid dismissal through
7  seeking a stay and abeyance of his petition. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir.
8  2014). The purpose of a stay and abeyance is to give a petitioner the opportunity to exhaust his
9  claims in state court before presenting them in federal court. *See Dixon*, 847 F.3d at 718-20. In
10 this circuit, two procedures for staying a petition may be available while a petitioner exhausts his
11 claims in state court. *See Rhines*, 544 U.S. at 277; *Kelly*, 315 F.3d at 1070-71.

12 Petitioner seeks a stay and abeyance under the *Rhines* procedure. *See* ECF No. 15. As I
13 explained to petitioner in my prior findings, under *Rhines*, a stay and abeyance is available only
14 where: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not
15 "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.
16 544 U.S. at 277-78. "Staying a federal habeas petition frustrates AEDPA's objective of
17 encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It
18 also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a
19 petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."
20 *Id.* Therefore, a "stay and abeyance should be available only in limited circumstances." *Id.*

21 "There is little authority on what constitutes good cause to excuse a petitioner's failure to
22 exhaust." *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). Although good cause under *Rhines*
23 does not require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-
24 62 (9th Cir. 2005), a petitioner must do more than assert that he was "under the impression" that
25 his claim was exhausted, *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (declining to
26 issue a stay under *Rhines* because petitioner failed to demonstrate "good cause" for failure to
27 exhaust, namely that he was "under the impression" that his counsel had raised the issue).
28 "[U]nspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do]

1    not satisfy the good cause requirement." *Blake*, 745 F.3d at 981.  Rather, "good cause turns on
2    whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to
3    justify" his failure to exhaust his claims.  *Id.* at 982.
4         Here, the petition should be dismissed because it contains unexhausted claims, and
5    petitioner has not demonstrated that he is entitled to a stay and abeyance under *Rhines*.  As
6    already established, the current petition is mixed.  To avoid dismissal, petitioner claims that he is
7    entitled to a stay and abeyance under *Rhines*, *see* ECF No. 15, but his arguments fail to meet
8    *Rhines*' standards because he has not demonstrated good cause for his failure to exhaust.
9    Petitioner's arguments are similar to those made in *Wooten*, since petitioner contends that he was
10   under the impression that he had exhausted his claims by raising them with his appellate attorney.
11   *See id.*  However, petitioner merely being "under the impression" that he exhausted his claims is
12   not good cause under *Rhines*.  *See Wooten*, 540 F.3d at 1024.  And his unjustified ignorance does
13   not establish good cause.  *Blake*, 745 F.3d at 981.  Because petitioner cannot establish good cause
14   under *Rhines*, he is not entitled to a stay and abeyance.  His petition should be dismissed without
15   prejudice.
16        Accordingly, it is hereby ORDERED that the prior findings and recommendations, ECF
17   No. 14, are VACATED.
18        Further, it is also RECOMMENDED that:
19        1. The petition, ECF No. 1, be DISMISSED without prejudice.
20        2. Respondent's motion to dismiss, ECF No. 10, be GRANTED.
21        3. The court decline to issue the certificate of appealability referenced in 28 U.S.C.
22   § 2253; and
23        4. The Clerk of Court be directed to close this case and to enter judgment accordingly.
24        These findings and recommendations are submitted to the United States District Judge
25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
26   service of these findings and recommendations, any party may file written objections with the
27   court and serve a copy on all parties.  Any such document should be captioned "Objections to
28   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 11, 2025

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6